IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED BY _____ D.C.

99 JUL -1 PM 4:01

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI

CASE NO.: 99-1329-CIV-MOORE/O'SULLIVAN

TIMOTHY L. GRANT

    Plaintiff,

vs.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____/

### PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Timothy L. Grant, M.D. ("Dr. Grant"), by and through his undersigned counsel, and pursuant to Rule 15 of the Federal Rules of Civil Procedure, hereby files this Unopposed Motion for Leave to File Amended Complaint. In support of this motion, Dr. Grant states as follows:

1.    This action was originally filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The complaint alleged a breach of contract for Defendant's failure to pay disability benefits due to Dr. Grant under a disability insurance policy issued to Dr. Grant by Defendant, and also sought declaratory relief.

2.    Defendant removed this action pursuant to 28 U.S.C. §§ 1331 and 1446, alleging that Plaintiff's claim arises under the Constitution, laws or treaties of the United States, more specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §

MIA-364428-1

1001, et seq.

3. Although Dr. Grant does not concede the applicability of ERISA to this action, in an abundance of caution, Dr. Grant now seeks to amend his complaint to include a claim for violation of ERISA.

4. The parties have submitted to this court a Proposed Joint Scheduling Report which proposes a deadline to move to amend the complaint of July 1, 1999. Plaintiff's motion is therefore timely under the Proposed Joint Scheduling Report.

## MEMORANDUM OF LAW

Motions to amend should be freely permitted as long as the amendment (a) does not cause undue delay; (b) is not the result of bad faith, dilatory motive or repeated failure to cure deficiencies by amendments previously allowed; (c) does not cause undue prejudice to the opposing party by virtue of allowance of the amendment; or (d) would not be futile. See Nolin v. Douglas County, 903 F.2d 1546, 1550 (11th Cir. 1990); see also Dunn v. Airline Pilots Association, 836 F.Supp. 1574, 1581-82 (S.D. Fla. 1993) (leave to amend should be freely granted if there is no undue prejudice or futility of the amendment).

None of the foregoing factors are present in the instant matter and none should prevent the Court from granting Plaintiff's Motion for Leave to File an Amended Complaint. In addition, Defendant is not opposed to the granting of this motion. The proposed amended complaint is attached hereto as Exhibit "A.".

CASE NO. 99-1329-CIV-MOORE

**WHEREFORE**, Plaintiff respectfully requests that the Court grant Plaintiff's motion for leave to amend his complaint and deem such complaint filed as of the date of the order granting leave to amend.

Respectfully submitted,

**AKERMAN, SENTERFITT & EIDSON, P.A.**
Attorneys for Plaintiff
SunTrust International Center
One Southeast Third Avenue, 28th Floor
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax No.: (305) 374-5095

By: _____
MICHAEL FERTIG
Florida Bar No. 358754
GARY J. GUZZI
Florida Bar No.: 159440

### CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was served **via U.S. Mail** this 1st day of July, 1999 on **John T. Kolinski, Esq.**, Shutts & Bowen LLP, 1500 Miami Center, 201 South Biscayne Blvd., Miami, FL 33131.

_____
Attorney